**MICRONESIAN LEGAL SERVICES
CORPORATION**
Christopher A. Heeb, Esq
P.O. Box 500826
Saipan, MP  96950
Email: chris.heeb@mlscnet.org
Telephone: (671) 234-7729

*Attorneys for Plaintiff*

FILED
Clerk
District Court

JUL 1 5 2026

for the Northern Mariana Islands
By_____ JP _____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOSHUA LAWRENCE ROBERT HUGHES,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCISCO M. RABAULIMAN, in his official capacity as Secretary of the Commonwealth of the Northern Mariana Islands Department of Community and Cultural Affairs,<br><br>and<br><br>MARGARITA TORRES-ALDAN, in her official capacity as the NAP Administrator of the Commonwealth of the Northern Mariana Islands Nutrition Assistance Program,<br><br>Defendants. | CIVIL ACTION NO: **CV - 2 6 - 0 0 0 1 5**<br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

### INTRODUCTION

1. Plaintiff brings this action for declaratory and injunctive relief to remedy Defendants' ongoing failure to provide him an administrative fair hearing as required by law.

1

Plaintiff is a recipient of Supplemental Security Income (SSI) and receives benefits under the Nutrition Assistance Program (NAP). Despite Plaintiff's limited income, the administering agency awarded Plaintiff only the minimum NAP benefits, even though the formula provided in the governing regulations provide for significantly higher benefits based upon Plaintiff's income. In early July 2025, Plaintiff filed a timely request for an administrative fair hearing to challenge the agency's determination of his benefit amount. The governing regulations require notice, scheduling and conduct of the hearing as well as a decision be rendered within 60 days of the submission of the fair hearing request. More than eleven (11) months have passed and yet no notice of hearing has been issued, nor a hearing scheduled or conducted. Defendants' continuing failure to provide the required Fair Hearing deprives Plaintiff of the opportunity to challenge the agency's determination and violates Plaintiff's right to procedural due process.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of federal constitutional rights.

3. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and pursuant to 48 U.S.C. § 1822.

4. This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b). The Defendants reside in this judicial district and the events giving rise to this action occurred in this judicial district.

## PARTIES

6. Plaintiff Joshua Lawrence Robert Hughes is 40 years old and a resident of Saipan, Commonwealth of the Northern Mariana Islands.

7. Defendant Francisco M. Rabauliman is the Secretary of the Commonwealth of the Northern Mariana Islands Department of Community and Cultural Affairs, which has responsibility for the administration of the Nutrition Assistance Program in the CNMI. He is sued in his official capacity.

8. Defendant Margarita Torres-Aldan is the administrator of the Nutrition Assistance Program for the CNMI. The NAP Administrator administers the NAP under the guidance of the Department of Community and Cultural Affairs. She is sued in her official capacity.

## LEGAL FRAMEWORK

9. The Commonwealth of the Northern Mariana Island Nutrition Assistance Program ("NAP") is funded through a block grant from the Food and Nutrition Services of the United States Department of Agriculture ("USDA").

10. The administration of the NAP program is governed, in part, by an annual Memorandum of Understanding ("MOU") between the USDA and the CNMI Department of Community and Cultural Affairs.

11. Paragraph 17 of the FY 2025 MOU requires the CNMI Department of Community and Cultural Affairs to establish a system of Fair Hearings for appeals from any household aggrieved by any action of the CNMI in operating the NAP Program.

12. In conformity with the MOU, the CNMI has implemented administrative regulations governing the conduct of Fair Hearings under the NAP Program. See NMIAC § 55-30-270.

13. The CNMI administrative regulations require that within sixty (60) days of receipt of a request for a Fair Hearing, the NAP program administrator shall schedule the fair hearing, inform the household in writing of the fair hearing date, conduct the fair hearing and arrive at a decision and notify the household of the decision. NMIAC § 55-30-270(e).

14. Qualified individuals have a property interest in food stamps benefits that are protected by the Due Process Clause of the Fourteenth Amendment. See *Atkins v. Parker*, 472 U.S. 115, 128 (1985).

## FACTUAL ALLEGATIONS

15. Plaintiff receives Supplement Security Income ("SSI") and has limited financial resources.

16. Plaintiff has been receiving benefits under the Nutrition Assistance Program ("NAP") for approximately 6 years.

17. On or about June 10, 2025 Plaintiff submitted his annual renewal application for his NAP benefits.

18. Plaintiff was receiving $967 per month in SSI benefits at the time he submitted his annual renewal application.

19. Plaintiff continued to receive $967 per month in SSI benefits through December 2025. Starting January 2026 Plaintiff's SSI benefits increased to $994 per month.

20. On or about June 30, 2025 the Nutrition Assistance Program issued a Notice allocating Plaintiff $41 per month in NAP benefits.

21. The June 30, 2025 Notice informed Plaintiff that he had the right to an Agency Conference or Fair Hearing on his case; and to request a Conference or Hearing he was to fill out an attached form and submit it within 10 days.

22. Plaintiff completed the attached NAP form and submitted it on July 3, 2025. Plaintiff requested a Fair Hearing.

23. Plaintiff's Fair Hearing request was received by NAP employee Anica U. on July 3, 2025.

24. The basis of Plaintiff's Fair Hearing request was that his benefit amount was calculated incorrectly. Plaintiff's claim was that pursuant to the formula provided in NMIAC § 55-30-245(e) his monthly benefit amount should have been approximately $141 per month.

25. NAP regulations require that within sixty days of receipt of a request for a fair hearing, the NAP program administrator shall schedule a fair hearing, inform the household in writing of the fair hearing date, conduct the fair hearing and arrive at a decision and notify the household of the decision. NMIAC § 55-30-270(e).

26. More than 11 months have passed since Plaintiff requested a Fair Hearing.

27. Defendants have not scheduled the Fair Hearing.

28. Defendants have not informed Plaintiff in writing of the Fair Hearing date.

29. Defendants have not conducted the Fair Hearing.

30. Defendants have not arrived at a decision and notified Plaintiff of that decision.

31. Defendants' failure to provide the requested Fair Hearing is ongoing.

## CLAIM FOR RELIEF

**Violation of Constitutional Due Process: Failure to Provide Plaintiff with a Fair Hearing**

32. Plaintiff incorporates and re-alleges paragraphs 1 through 31.

33. Plaintiff has a protected property interest in the NAP benefits for which he is eligible.

34. The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution bars the state from depriving a person of their property without notice and the opportunity to be heard.

35. Due process requires that individuals receiving public benefits, including NAP benefits, be provided a meaningful opportunity to challenge agency determinations through a fair hearing.

36. Defendants, acting under color of state law, deprived Plaintiff of due process by failing to provide him with a fair hearing required by law after Plaintiff timely requested such a fair hearing.

37. Plaintiff seeks redress on this claim pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the deprivation of his constitutional rights by persons acting under color of state law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Declare that Defendants' failure to provide Plaintiff with a Fair Hearing violates the Due Process Clause of the Fourteenth Amendment;

b. Issue injunctive relief prohibiting Defendants from continuing to deny Plaintiff a right to a Fair Hearing and direct Defendants to comply with their

6

obligations under their own regulations by promptly providing Plaintiff with a Fair Hearing under NMIAC § 55-30-270;

c.  Retain jurisdiction over this action to ensure Defendants' compliance with the mandates of this Court;

d.  Award Plaintiff's reasonable attorney's fees and costs provided by 42 U.S.C. § 1988; and

e.  Order such other, further or additional relief as the Court deems just and equitable.

Dated: July 15, 2026

Respectfully submitted,

Christopher Heeb
**Micronesian Legal Services Corporation**
PO Box 500826
Saipan, MP 96950
(670) 234-7729
chris.heeb@mlscnet.org

7